United States District Court
Southern District of Texas
**ENTERED**
May 07, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-1675** |
| | § | |
| **ANDREW SAUL, Commissioner of Social** | § | |
| **Security,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Robert Williams's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 13) and Defendant Andrew Saul's ("Commissioner") Motion for Summary Judgment (Dkt. No. 14). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the action be **DISMISSED** with prejudice.

## I.    BACKGROUND

On May 12, 2020, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for disability insurance benefits under Title XVI of the Social Security Act.[2] On November 15, 2016, Plaintiff filed an application for benefits claiming an inability to work since January 1, 2011, due to congestive heart failure,

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 9.)

[2] *See* Dkt. No. 1.

diabetes, and high blood pressure.[3] The SSA found Plaintiff was not disabled at the initial level of review in August 2017 and again, upon reconsideration, in December 2017.[4] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[5]

On January 30, 2019, the ALJ conducted a hearing.[6] The ALJ heard testimony from Plaintiff, Dr. Subramanian Krishnamurthy, a medical expert, and Rosalind Lloyd, a vocational expert ("VE").[7] On April 2, 2019, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[8] The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from November 15, 2016, the date the application was filed . . . ."[9] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[10] On March 13, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[11]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[12]

## II.   LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability

---

[3] *See* Dkt. No. 8-4 at 2–3, 13–14.
[4] *See id.* at 9, 21.
[5] Dkt. No. 8-5 at 16.
[6] Dkt. No. 8-3 at 29.
[7] *See id.* at 30.
[8] *Id.* at 12–22.
[9] *Id.* at 22.
[10] *See* Dkt. No. 8-6 at 40.
[11] Dkt. No. 8-3 at 2.
[12] Dkt. No. 1.

claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir.

1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

## III.    DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th

Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed the first four steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 15, 2016, the application date.[13] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: congestive heart failure, diabetes mellitus, high blood pressure, and stroke.[14] At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or

---

[13] Dkt. No. 8-3 at 17.
[14] *Id.*

medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[15] The ALJ found Plaintiff had the RFC to perform the exertional demands of light work as defined in the Commissioner's regulations with the following limitations: never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; and occasionally balance, stoop, kennel, crouch or crawl.[16] At step four, the ALJ determined that Plaintiff was capable of performing past relevant work as a floor housekeeper and laboratory medical technician and, therefore, Plaintiff was not disabled as defined under the Social Security Act.[17]

Plaintiff moves to reverse and remand the ALJ's decision based on two issues: (1) the ALJ's RFC finding failed to consider Plaintiff's medication side-effects and (2) the ALJ's Step Four finding that Plaintiff could perform past relevant work is not supported by substantial evidence and results from legal error.[18] Conversely, Commissioner argues that (1) the record does not support Plaintiff's alleged urinary issue and (2) the ALJ's Step Four finding is supported by substantial evidence and Plaintiff's composite job argument is unfounded.[19]

### a. The ALJ Did Not Err By Not Providing RFC Limitations for Plaintiff's Alleged Urinary Issues.

Plaintiff argues that the ALJ erred by failing to properly consider Plaintiff's medication side-effects, "urgency to urinate," when determining Plaintiff's RFC.[20] Commissioner contends

---

[15] *Id.* at 18.

[16] *Id.* at 18–19.

[17] *Id.* at 22.

[18] Dkt. No. 13 at 4.

[19] Dkt. No. 14-1 at 4–5.

[20] Dkt. No. 13 at 5. Plaintiff also argues the ALJ's failure to accommodate for this impairment is significant because the VE testified that a person who "required a restroom break one time per hour, for a period of approximately 5 minutes each," would be unable to work. (Dkt. No. 13 at 6.) That was not the VE's testimony. In Plaintiff's counsel's hypothetical question to the VE, he asked whether a person who needed a restroom break one per hour, for about five minutes,

that the record does not establish Plaintiff's urinary issues as a side-effect of his medication such that the ALJ should have considered and included a limitation for it in Plaintiff's RFC.[21] The Court agrees with Commissioner.

From the 750 page record, Plaintiff points to three pages to illustrate the need for a limitation due to his urinary issues.[22] These pages are from three different checkups Plaintiff had with Dr. Barry Martin's office, which list "urgency to urinate" under past medical history.[23] However, as Commissioner noted, this conflicts with the 14 documented instances where Plaintiff reported no such urinary issues.[24] Plaintiff did not address the conflicting evidence in his response.[25]

Plaintiff argues that the medical expert's testimony indicated that "if Plaintiff contends that he has side effects from his medications, those side-effects should be considered valid."[26] The Court disagrees with Plaintiff's interpretation of the medical expert's testimony. During the hearing, Plaintiff's counsel asked whether Plaintiff's medications would have a sedative side-effect.[27] The medical expert testified it was possible as Plaintiff takes multiple medications, which can cause numerous side-effects.[28] Plaintiff's counsel did not further question the medical expert

---

*and* who needed "to lie down for at least one hour, per day, during a normal eight-hour workday" would be able to perform any past relevant work. (Dkt. No. 8-13 at 61–62.) The VE responded no. (*Id.* at 62.) Thus, the VE did not testify that Plaintiff, based on his alleged urinary issue alone, would be unable to work.

[21] Dkt. No. 14-1 at 4.

[22] Dkt. No. 13 at 6.

[23] Dkt. No. 8-15 at 47, 49, 51.

[24] *See* Dkt. No. 8-10 at 2; Dkt. No. 8-11 at 31, 39, 42–49, 51–52; Dkt. No. 8-15 at 4, 8, 11–14; Dkt. No. 8-16 at 4, 8, 12; Dkt. No. 14-1 at 4.

[25] *See* Dkt. No. 21 at 1–2.

[26] Dkt. No. 13 at 5–6.

[27] Dkt. No. 8-3 at 57.

[28] *Id.* at 58.

on what Plaintiff believes are the side-effects he experiences from his medications.[29] Consequently, the medical expert did not provide any testimony as to Plaintiff's alleged urinary issues and whether they are a side-effect of his medication.[30] The Court will not find Plaintiff's allegations to be "valid" without supporting medical evidence.

Plaintiff cites to *Crowley v. Apfel*, 197 F.3d 194 (5th Cir. 1999) for the proposition that urinary issues, whether the result of Plaintiff's impairments or a medication side-effect, may be an impairment and must be considered by the Commissioner.[31] While true, the urinary issues must be evidenced by the record. *See id.* at 199 (noting that plaintiff's claims of fecal incontinence was uncontroverted based on the record); *see, e.g.*, *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989) ("isolated comments" about claimant's intellectual functioning, viewed within whole record, were insufficient to raise suspicion of mental retardation); *Shave v. Apfel*, 238 F.3d 592, 596 (5th Cir. 2001) (no evidence that an alleged impairment precluded employment).

Plaintiff testified during the hearing that he has urinary issues, but his testimony is unsupported by the record. Further, the Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. Thus, the Court recommends that the ALJ did not err by not providing RFC limitations for Plaintiff's urinary issues.

### b.  The ALJ Did Not Err in Her Consideration of Plaintiff's Past Work at Step Four.

Plaintiff argues that the ALJ erred in finding Plaintiff could perform his past relevant work

---

[29] *See id.*
[30] *See id.* at 57–58.
[31] Dkt. No. 13 at 6.

as generally performed in the national economy because the jobs were "composite jobs."[32] Commissioner contends that Plaintiff's allegations are unfounded.[33] The Court agrees with Commissioner.

Past work is a "composite job" if it has "significant elements of two or more occupations" and does not have a "counterpart in the [Dictionary of Occupational Titles ("DOT")]." SSR 82-61, 1982 WL 31387, at *2. "Whether a job is a composite job is based on the 'significant' elements of the job performed and whether those significant elements could be considered two separate occupations under the DOT." *Palacios v. Saul*, No. CV H-19-4024, 2020 WL 7232901, at *11 (S.D. Tex. Nov. 2, 2020), *report and recommendation adopted*, No. CV H-19-4024, 2020 WL 7232076 (S.D. Tex. Dec. 4, 2020) (citing *Carol B.M. v. Berryhill*, Case No. 3:17-CV-3163-BK, 2019 WL 1403367, at *5 (N.D. Tex. March 27, 2019)).

Here, Plaintiff reasons that his past jobs were composite jobs because his job as a floor keeper and a medical laboratory technician each involved work that fell under different exertional levels.[34] Plaintiff, however, "fails to show that [such tasks were] significant elements of a separate occupation." *Vanhuss v. Berryhill*, No. 3:17-CV-1327-M-BN, 2018 WL 2335467, *4 (N.D. Tex. Apr. 25, 2018), *report and recommendation adopted*, No. 3:17-CV-1327-M-BN, 2018 WL 2329310 (N.D. Tex. May 23, 2018); SSR 82-61, 1982 WL 31387, at *2 (a composite job contains "significant elements of two or more occupations"). That certain tasks Plaintiff performed required different exertional levels does not establish that such tasks were significant elements of a *separate occupation*. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (finding that a claimant's

---

[32] *Id.* at 7.
[33] Dkt. No. 14-1 at 5.
[34] Dkt. No. 13 at 8.

inability to perform certain requirements of his past work does not mean that he is unable to perform "past relevant work" as defined by the regulations).

Moreover, if Plaintiff disagreed with the VE's characterization of his prior work, "[he] was obligated to press the issue on cross-examination [because] [a]s the claimant, [he] retains the burden to establish that [he] is unable to perform [his] past relevant work." *Holland v. Colvin*, No. 3:14-CV-2964-K-BH, 2015 WL 5437727, at *13 n.4 (N.D. Tex. Aug. 31, 2015), *report and recommendation adopted*, No. 3:14-CV-2964-K, 2015 WL 5439051 (N.D. Tex. Sept. 15, 2015), aff'd, 652 F. App'x 266 (5th Cir. 2016); *see also Martinez v. Berryhill*, No. SA-17-CV-0027-ESC, 2017 WL 8180457, at *7 (W.D. Tex. Nov. 14, 2017). Here, there was not any testimony elicited from the VE regarding the alleged conflict between the VE's characterization of Plaintiff's past work and the DOT.[35] *Brown v. Astrue*, No. 3:08-CV-0255-D, 2009 WL 64117, at *6 (N.D. Tex. Jan. 12, 2009) (plaintiff failed to "cross-examine the VE regarding the putative conflict with the DOT, even though the VE testified that his conclusions were in accord with the DOT."). Consequently, Plaintiff's argument lacks merit. *See Carey v. Apfel*, 230 F.3d 131, 147 (5th Cir. 2000) (a plaintiff "should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of [a VE] and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing"); *see also Carol B. M.*, 2019 WL 1403367, at *6.

Even if Plaintiff had attempted to elicit such testimony from the VE, the VE never indicated

---

[35] *See* Dkt. No. 8-3 at 59–61.

that Plaintiff's past work combined separate occupations.[36] The VE noted that, because Plaintiff's past work ranged from heavy to light exertional levels, he would only be able to perform his past relevant work per the DOT, but not as he actually performed it in the past.[37] Because both the ALJ and the VE considered all the aspects of Plaintiff's past work and determined that his past work fell within the definition of floor housekeeper and medical laboratory medical technician under the DOT, the ALJ did not err in her determination at step four that Plaintiff could perform his past work as a floor housekeeper and a medical laboratory medical technician, as that work is generally performed in the national economy. Accordingly, the Court recommends that the ALJ did not err in her consideration of Plaintiff's past work at step four.

## IV.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the action be **DISMISSED** with prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

---

[36] *Id.* at 60.
[37] *Id.* at 59–61.

of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

     **SIGNED** in Houston, Texas on May 7, 2021.

_____
Sam S. Sheldon
United States Magistrate Judge